**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **MATT MURRAY TRUCKING,** | ) |
| Serve R/A:  3725 Hwy O. | ) |
|         Farmington, Missouri 63640 | ) |
| | ) |
| **JAMES KRAMER,** | ) |
| Serve:  415 Ethel Ave. | ) |
|         Park Hills, Missouri 63601 | ) |
| | ) |
| **EVALIA NAVARRO,** | ) |
| Serve:  712 S. Bond | ) |
|         Cuba, Missouri 65453 | ) |
| | ) |
| **BETTY COUNTS,** | ) |
| Serve:  94 Center Point Rd. | ) |
|         Steelville, Missouri 65565 | ) |
| | ) |
| **C.C.1, by and through his natural Mother and general guardian, BETTY COUNTS,** | ) |
| Serve:  94 Center Point Rd. | ) |
|         Steelville, Missouri 65565 | ) |
| | ) |
| **C.C.2, by and through her natural Mother and general guardian BETTY COUNTS,** | ) |
| Serve:  94 Center Point Rd. | ) |
|         Steelville, Missouri 65565 | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Greenwich Insurance Company ("Greenwich"), by and through its undersigned counsel, for their Complaint for Declaratory Judgment against MM Trucking LLC ("MM Trucking"),

James Kramer ("Kramer"), Evalia Navarro ("Navarro"), Betty Counts, C.C.1, and C.C.2 (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This action involves a dispute regarding insurance coverage for claims arising out of an automobile accident that involved a semi-truck and trailer owned by MM Trucking and driven by Kramer that was hauling cargo for Menard, Inc.'s ("Menard"), including a wrongful death lawsuit brought by Navarro for the death of her husband, who perished in the accident (the "Navarro Lawsuit") and bodily injury claims asserted by Betty Counts and two minors C.C.1 and C.C.2 (collectively, the "Counts"), who also allegedly suffered injuries in the accident.

2. Greenwich issued to Menard a Commercial Lines Policy, bearing policy number RAD9437730, for the policy period November 1, 2019 to November 1, 2020, which contains a Commercial Automobile Coverage Part (the "Menard Policy"). Subject to its terms, conditions, exclusions, and limitations, the Menard Policy provides limits of liability of $5 million for each "accident," subject to a $500,000 each "accident" deductible. A true and correct copy of the Menard Policy is attached hereto as **Exhibit A**.

3. On December 17, 2020, MM Trucking and Kramer's counsel issued correspondence to Greenwich claiming that they "believe" the Menard Policy covers them for the Navarro Lawsuit and tendering a settlement demand from Navarro.

4. On January 26, 2020, MM Trucking and Kramer's counsel clarified that the settlement demand also covered the bodily injury claims by the Counts.

5. On or about February 1, 2021, Greenwich issued correspondence to MM Trucking and Kramer explaining that the accident was not covered under the Menard Policy because it did not involve a "covered auto" within the meaning of the Menard Policy and because MM Trucking and Kramer do not qualify as "insureds" under the Menard Policy. Greenwich also reserved the

right to deny or limit coverage on additional grounds, including for any amounts that are not insurable under applicable law, including but not limited to any amounts attributable to intentional misconduct, punitive damages and/or amounts that would be restitutionary in nature.

6.  Upon information and belief, MM Trucking and Kramer have threatened to enter into an agreement pursuant to Mo. Rev. Stat. § 537.065 and assign alleged rights of MM Trucking and Kramer to Navarro and/or Counts under the Menard Policy as well as alleged causes of action for extra-contractual and tort damages against Greenwich.

7.  An actual controversy exists between Greenwich and Defendants regarding Greenwich's obligations, if any, to indemnify Defendants under the Menard Policy with regard to any claims arising out of the April 17, 2020 accident, including the Navarro Lawsuit and the Counts's bodily injury claims.

## **PARTIES**

8.  Defendant MM Trucking is a Missouri limited liability company that is registered to do business in Missouri.  Upon information and belief, the members of MM Trucking are Missouri citizens.

9.  Defendant James Kramer is an individual who is a Missouri citizen and was, or is, an employee of MM Trucking.

10.  Defendant Navarro is an individual who is a Missouri citizen.

11.  Defendant Betty Counts is an individual who is a Missouri citizen.

12.  Defendant C.C.1, a minor, is a Missouri citizen residing with his natural mother and general guardian, Betty Counts.

13.  Defendant C.C.2, a minor, is a Missouri citizen residing with her natural mother and general guardian, Betty Counts.

14. Greenwich is a Delaware insurance company with its principal place of business in Stamford, Connecticut. As such, it is a Delaware citizen.

## JURISDICTION AND VENUE

15. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201.

17. This Court has personal jurisdiction over all Defendants.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are subject to personal jurisdiction in this Court.

19. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

20. The complaint in the Navarro Lawsuit was filed on May 26, 2020 by Navarro against MM Trucking, Kramer, and Menard.

21. Navarro seeks damages for the alleged wrongful death of her husband, Sergio Navarro, due to the alleged negligence of Menard, MM Trucking, and Kramer.

22. Navarro alleges that on April 17, 2020, Kramer was operating a 2004 Wester Star 49X tractor-truck VIN 5KJJABAS94PM18893 (the "Truck") and trailer (the "Trailer") that crossed the center line of Mo-19 and struck a 2009 Chevrolet Van driven by Sergio Navarro, who suffered fatal injuries.

23. Navarro voluntarily dismissed Menard from the Navarro Lawsuit on January 21, 2021.

4

24. At the time of the accident, Kramer was driving a Truck and Trailer owned by MM Trucking that was hauling freight belonging to Menard.

25. At the time of the accident, MM Trucking and Kramer were independent contractors for Menard.

26. MM Trucking and Kramer are not and were not agents or employees of Menard at the time of the accident.

27. Menard exercised no control over MM Trucking or Kramer.

28. In the Navarro Lawsuit, MM Trucking and Kramer deny that they "were working as the agents or employees of [] Menard, hauling Menard's freight in an attached trailer owned, leased, and/or otherwise controlled managed, or operated at the direction of Menard."

29. In the Navarro Lawsuit, MM Trucking and Kramer deny that "[a]t the time of the crash and at all relevant times, defendant Kramer was acting within the course and scope of his employment and for a business purpose of Menard and for Menard's benefit."

30. At the time of the accident, Kramer was acting within the course and scope of his employment with MM Trucking.

31. Kramer is listed as a "Rated driver" in Progressive Commercial Auto Insurance Policy No. 01503362 issued to MM Trucking for the December 6, 2019 to December 6. 2020 policy period (the "MM Trucking Policy").

32. The Truck and Trailer involved in the accident were insured by Progressive under the MM Trucking Policy.

33. Progressive is providing a defense to Kramer and MM Trucking in the Navarro Lawsuit under the MM Trucking Policy.

34. Kramer and MM Trucking have demanded coverage under the Menard Policy.

35. The Menard Policy provides, in pertinent part, as follows:

> We will pay on all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

36. Under the Policy, "Auto" means:

> 1. A land motor vehicle "trailer" or semitrailer designed for travel on public roads; or
>
> 2. Any other land vehicle that is subject to compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> However, "auto" does not include "mobile equipment."

37. Under the Policy "Trailer" includes semitrailer.

38. "'Insured' means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except and with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought."

39. The Who Is An Insured provision in the Policy provides, in relevant part:

> **1. Who Is An Insured**
>
> The following are "insureds":
>
> **a.** For any covered "auto", you, any subsidiary, affiliate or organization, including a partnership or joint venture as may now exist or hereafter be constituted over which you assume active management or maintain ownership or majority interest . . . .
>
> **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    **(1)**  The owner or anyone else from whom you hire or borrow a covered "auto".

    This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    **(2)**  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    **(3)**  Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    **(4)**  Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

    **(5)**  A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

  **c.**  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

40. Subject to its terms, conditions, exclusions, and limitations, the Menard Policy covers "sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"

41. At the time of the accident, Kramer, driving a Truck and Trailer owned by his employer, MM Trucking, was hauling Menard's cargo.

42. At the time of the accident, the Truck and Trailer were not owned, leased, hired, rented or borrowed by Menard.

43. No "covered auto" was involved in the accident.

44. At the time of the accident, Kramer and MM Trucking were not "using . . . a covered 'auto' [Menard] own[s.]"

45. At the time of the accident, Kramer and MM Trucking were not "using . . . a covered 'auto' [Menard] . . . hire[d] or borrow[ed]."

46. At the time of the accident, Kramer and MM Trucking were not using the Tractor or Trailer with Menard's permission.

47. Menard's permission was not needed for Kramer or MM Trucking to use the Tractor or Trailer belonging to MM Trucking.

48. MM Trucking and Kramer are not "insureds" for purposes of definition 1.b. in the Who Is An Insured provision of the Menard Policy.

49. Alternatively, even if MM Trucking and Kramer were to assert that the Truck and/or Trailer qualify as covered "autos" that were "hired" or "borrowed" by Menard (which they were not), MM Trucking and Kramer are the "owner or anyone else" from whom Menard purportedly "hired" or "borrowed" such covered "auto."

50. Therefore, MM Trucking and Kramer are not "insureds" based on paragraph 1.b.(1) in the Who Is An Insured provision of the Menard Policy.

51. Navarro has voluntarily dismissed Menard from the Navarro Lawsuit and is not seeking to hold MM Trucking or Kramer liable for the conduct of Menard or any other "insured" under the Menard Policy.

52. MM Trucking and Kramer also do not qualify as "insureds" under definition c in the Who Is An Insured provision of the Menard Policy.

53. As a result, MM Trucking and Kramer are not "insureds" under the Menard Policy.

### COUNT I - NO DUTY TO INDEMNIFY DEFENDANTS AS THE ACCIDENT DID NOT ARISE OUT OF THE USE OF A "COVERED AUTO"

54. Greenwich reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

55. An actual controversy exists between Greenwich and Defendants regarding whether the Menard Policy obligates Greenwich to indemnify Defendants for any judgment in, or settlement of, the Navarro Lawsuit and the Counts's bodily injury claims.

56. Greenwich is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Menard Policy does not obligate it to indemnify Defendants in the Navarro Lawsuit or for any bodily injury claims by the Counts.

### COUNT II - NO DUTY TO INDEMNIFY DEFENDANTS AS THEY ARE NOT "INSUREDS" UNDER THE MENARD POLICY

57. Greenwich reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

58. An actual controversy exists between Greenwich and Defendants regarding whether the Menard Policy obligates Greenwich to indemnify Defendants for any judgment in, or settlement of, the Navarro Lawsuit and the Counts's bodily injury claims.

59. Greenwich is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Menard Policy does not obligate it to indemnify Defendants for the Navarro Lawsuit or for any bodily injury claims by the Counts.

### PRAYER FOR RELIEF

**WHEREFORE**, Greenwich respectfully requests that this Court enter a judgment for Greenwich, adjusting and declaring:

A. That the Truck and Trailer involved in the April 17, 2020 accident are not covered "autos" within the meaning of the Menard Policy;

B. That Defendants MM Trucking and Kramer are not "insureds" within the meaning of the Menard Policy, such that they are not entitled to coverage under the Menard Policy;

C. That Defendants MM Trucking and Kramer are not entitled to coverage under the Menard Policy for any claims arising out of the April 17, 2020 accident, including any claims made by Navarro and the Counts;

D. That Greenwich owes no duty to indemnify MM Trucking or Kramer for any claims arising out of the April 17, 2020 accident, including any claims made by Navarro and the Counts;  and

E. That Greenwich is entitled to all such other and further relief as the Court deems equitably just and proper.

Dated: February 18, 2021

Respectfully Submitted,

DENTONS US LLP

By: */s/ Roger K. Heidenreich*
Roger K. Heidenreich MO Bar No. 40898
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone: 314-241-1800
Facsimile: 314-259-5959
Roger.Heidenreich@dentons.com

Samantha J. Wenger   MO Bar No. 64230
*Admission Pending*
4520  Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: 816.460.2400
Facsimile: 816.531.7545
Samantha.Wenger@dentons.com

*Attorneys for Plaintiffs*