IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-00202 |
| MATT MURRAY TRUCKING, | ) ) ) |
| JAMES KRAMER, | ) ) |
| EVALIA NAVARRO, | ) ) |
| BETTY COUNTS, | ) ) |
| C.C.1, by and through his natural Mother and general guardian, BETTY COUNTS, | ) ) ) ) |
| C.C.2, by and through her natural Mother and general guardian BETTY COUNTS, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY PROCEEDINGS[1]**

FACTUAL STATEMENT

On April 17, 2020 Betty Counts and her minor children were injured when forced off the roadway by a tractor trailer operated by James Kramer and owned by MM Trucking. This occurred while driving North on highway 19 in Steelville, Missouri. In front of the Counts' vehicle was a vehicle operated by Sergio Navarro. Mr. Navarro was killed by the impact with the tractor operated by James Kramer and owned by Matt Murry Trucking (a/k/a MM Trucking). The wreck resulted in a lawsuit filed by Navarro's

---

[1] The Counts defendants previously filed their motion to dismiss and/or stay on April 9, 2021 (see doc. 22).

estate against MM Trucking, James Kramer and Menard.  (See Navarro v. Menard, Inc., et al., 20CF-CC00032).  Counts similarly filed suit on March 4, 2021.  (See Counts v. MM Trucking, et al., 21CF-CC00014 which was attached to Counts motion to dismiss as exhibit A (doc. 22)).

Counts' lawsuit alleges, in part, that MM Trucking was the agent of Menard's at the time its driver caused their injuries.  Counts' Crawford County suit seeks to hold Menard's vicariously liable for the harms caused by MM Trucking.  That determination rests upon whether facts support the conclusion an agency relationship existed and whether MM Trucking was in the scope of that agency when the wreck occurred.  In this action Greenwich seeks a declaration that MM was not its agent at the time of the wreck and therefore it owes no duty to *indemnify* MM Trucking or its driver in the Crawford County proceeding.  The current pleadings do not seek a determination of Greenwich's duty to defend.

**THIS COURT SHOULD DISMISS PURSUANT TO FRCP 12(b)(6) OR STAY THIS PROCEEDING PENDING RESOLUTION OF THE CRAWFORD COUNTY LITIGATION**

**A.  FAILURE TO STATE CAUSE OF ACTION**

To survive a motion to dismiss, a petitioner must allege sufficient factual matters, accepted as true, to state a claim for relief that is plausible on its face.  **Ashcroft v. Iqbal 556 US 662, 678, 129 S.Ct. 1937 (2009)**.  A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the claim for relief is justified, **id**.  Petitioner has failed to allege sufficient facts to warrant this court entertaining its claim when a parallel state court matter is pending between the parties that is equally capable of resolving the issues, all of which arise solely under Missouri law.

A federal district court has broad discretion in determining whether to decline jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. It will only be reversed when it is found to have abused its discretion. **Wilton v. Seven Fall Co. 515 US 277, 282-290 (1995)**. Suits are considered parallel if substantially the same parties litigate substantially the same issues, but in different forums. **Capitol Indemnity Corp. v. Haverfield 218 F. 3d 872, 875 (8th Cir. 2000)**.

In **Capital Indemnity** the district court was found to have abused its discretion when it chose not to stay a declaratory judgment action when there were pending state court actions between the parties and all of the disputes were to be governed by state law. The circumstances in **Capital Indemnity** are similar and analogous to the present action and support staying this matter at least until the state court action is resolved. It is quite likely the state court proceeding will eliminate the need for federal court proceedings. This is because Counts, Navarro, MM Trucking, James Kramer and Menard, Inc. are all parties to the state court proceedings arising out of the accident of April 17, 2020. The state court litigation will resolve whether Kramer was negligent, whether Menard had a principle/agent relationship with MM Trucking or otherwise vicariously liable for any other parties' conduct. Moreover, until such time as Menard or MM Trucking are found to be liable for Kramer's actions, any order addressing the duty to indemnify will be advisory and therefore premature. Only after the State court action has been concluded will this court be in a position to entertain the merits of Greenwich's claims, if any still exist. Only then, and assuming the State court did not resolve the dispute in its entirety, can this court determine whether MM or its driver fall within the terms of the policy issued by Greenwich. By that time the state court discovery will

have been answered, depositions taken and trial held. Those developments will shed an abundance of light on the relationship between MM Trucking and Menard and likely render any further declaratory proceedings unnecessary.

MM Trucking is being defended in the state court proceedings pursuant to its liability policy issued by Progressive Insurance Co. Therefore, the only issue to be resolved here is whether Greenwich has a duty to indemnify any defendant. Whether there is a duty to indemnify MM Trucking is only ripe for adjudication if Menard's is found to be vicariously liable in the state court action. If Menard is found not to share vicarious liability this litigation will be rendered moot.

## JUDICIAL ECONOMY REQUIRES DISMISSAL

It is appropriate to dismiss the present action because the state court action is a parallel proceeding that is fully capable of addressing all disputes. **Nissan North America, Inc. v. Wayzata Nissan, LLC 792 F. 3d 921 (8 cir. 2015)**. This court is vested with the discretion to abstain from further hearing and to dismiss until there has been a complete resolution of the State Court action. Suits are parallel for purposes of a district court abstention if substantially the same parties litigate substantially the same issues in different forums. Although the Crawford County actions do not include Greenwich's claim for declaratory relief, as discussed above, that proceeding may still resolve the need for this litigation and therefore judicial economy dictates this matter be stayed or dismissed. **Nissan North America, Id**.

Certainly, this is a parallel action. Although, petitioner, Greenwich, is not a party in the State Court proceedings, its insured, Menard, Inc., is a party. If it is so inclined, Greenwich can seek to intervene in the state court proceedings. Even if it chooses not

to seek intervention in the state court, that action will proceed to determine whether there was an agency relationship between MM Trucking and Menard, Inc.  In those proceedings Greenwich will have every opportunity to establish facts that it believes justifies its position that it owes no duty to indemnify MM Trucking or its driver.  Should MM and its driver be found not to be liable to Navarro and Counts the relief sought here will be moot.  Likewise, if Menard, Inc. is not found to be vicariously liable, this action is moot.  To address the declaration sought by the current petition will require discovery that duplicates that already underway in the state court and is, therefore, a strain on judicial economy.

CONCLUSION

    The Counts' defendants request this court exercise its inherent discretion to dismiss or, in the alternative, to stay this matter until resolution of the parallel state court proceedings.

By:   /s/Lanny Darr
Lanny Darr     (#42038)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL  62002
Phone:  (618) 208-6828
Fax:  (618) 433-8519
darr@darrfirm.com

Service by facsimile transmission or via email will be accepted at the stated facsimile and/or email stated above.

## CERTIFICATE OF SERVICE

       I hereby certify that on April 13, 2021, I served a copy of the foregoing memorandum in support of motion to stay upon:

| | |
|---|---|
| DENTONS US LLP<br>Roger K. Heidenreich<br>One Metropolitan Square<br>211 N. Broadway, Suite 3000<br>St. Louis, Missouri 63102<br>Roger.Heidenreich@dentons.com<br><br>Samantha J. Wenger<br>*Admission Pending*<br>4520 Main Street, Suite 1100<br>Kansas City, Missouri 64111<br>Samantha.Wenger@dentons.com<br>*Attorneys for Plaintiffs* | Daniel Wilke<br>James Wilke<br>Wilke and Wilke<br>2708 Olive Street<br>St. Louis, MO 63103-1426<br>dwilke@wilkewilke.net<br>jwilke@wilkewilke.net<br>Attorneys for Defendants<br>James Kramer and Matt Murry Trucking<br><br>Matthew O'Grady<br>Onder Law LLC<br>110 East Lockwood<br>1st Floor<br>St. Louis, MO 63119<br>Ogrady@onderlaw.com<br>Attorney for Defendant Evalia Navarro |

                                                          _/s/ Lanny Darr_____