**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00202-DDN |
| | ) |
| **MATT MURRAY TRUCKING, JAMES KRAMER, EVALIA NAVARRO, BETTY COUNTS, C.C.1, by and through his natural Mother and general guardian, BETTY COUNTS, and C.C.2, by and through her natural Mother and general guardian BETTY COUNTS,** | ) |
| | ) |
| **Defendants.** | ) |

**GREENWICH INSURANCE COMPANY'S COMBINED OPPOSITION TO THE COUNTS'S AND NAVARRO'S MOTION TO DISMISS
<u>OR IN THE ALTERNATIVE TO STAY PROCEEDINGS</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS ..............................................................................................................1

ARGUMENT AND AUTHORITIES .............................................................................................2

I.  This Coverage Action Presents a Controversy Ripe for Adjudication ................................2

II. There is No Parallel Proceeding that Would Justify Dismissal or Delay of the
    Coverage Action ...................................................................................................................4

III. The *Scottsdale* Factors Also Do Not Favor Abstention or a Stay ........................................7

CONCLUSION ..............................................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Cas. and Sur. Co. v. Gen. Dynamics Corp.*,
   968 F.2d 707 (8th Cir. 1992) ................................................................................................. 3

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
   300 U.S. 227 (1937) ............................................................................................................... 3

*Aguilar v. GEICO Cas. Co.*,
   588 S.W.3d 195 (Mo. Ct. App. W.D. 2019) ......................................................................... 7

*Britt v. Otto*,
   577 S.W.3d 133 (Mo. Ct. App. W.D. 2019) ......................................................................... 7

*Capitol Indem. Corp. v. Haverfield*,
   218 F.3d 872 (8th Cir. 2000) ................................................................................................. 5

*Capitol Indem. Corp. v. Miles*,
   978 F.2d 437 (8th Cir. 1992) ........................................................................................ 2, 3, 5

*Cincinnati Indem. Co. v. A & K Constr. Co.*,
   542 F.3d 623 (8th Cir. 2008) ................................................................................................. 5

*Counts v. MM Trucking, LLC, et al.*,
   Case No. 21CF-CC00014 (Crawford Cnty., Mo. Cir. Ct.) ..................................................... 1

*Lexington Ins. Co. v. Integrity Land Title Co., Inc.*,
   721 F.3d 958 (8th Cir. 2013) ............................................................................................ 4, 6

*Nautilus Ins. Co. v. World Wrecking & Scrap Salvage Servs., Inc.*,
   No. 4:20CV264 HEA, 2021 WL 1123027 (E.D. Mo. Mar. 24, 2021) ....................... 4, 6, 7, 8

*Navarro v. MM Trucking LLC, et al.*,
   Case No. 20CF-CC00032 (Crawford Cnty., Mo. Cir. Ct.) ..................................................... 1

*Nissan N. Am., Inc. v. Wayzata Nissan, LLC*,
   792 F.3d 921 (8th Cir. 2015) ................................................................................................. 5

*Scottsdale Ins. Co. v. Detco Indus., Inc.*,
   426 F.3d 994 (8th Cir. 2005) ........................................................................................ 4, 7, 8

*Wilton v. Seven Fall Co.*,
   515 U.S. 277 (1995) ............................................................................................................... 4

**Statutes**

United States Code
    § 2201 ...................................................................................................................................4
    § 2202 ...................................................................................................................................4

Missouri Revised Statute
    § 537.065 ..........................................................................................................................2, 6
    § 537.065.2 ...........................................................................................................................6

**Rules and Regulations**

Missouri Rules of Civil Procedure
    Rule 52.12(a)(2) ....................................................................................................................7

# INTRODUCTION

MM Trucking LLC ("MM Trucking") owned a semi-truck and trailer that was driven by James Kramer ("Kramer") and hauling cargo for Menard, Inc. ("Menard") when it was allegedly involved in a deadly accident on a Missouri highway that killed Evelia Navarro's ("Navarro") husband and injured Betty Counts and her children (collectively, the "Counts"). MM Trucking and Kramer, claiming to be "insureds" under a Greenwich Insurance Company ("Greenwich") Commercial Automobile Policy issued to Menard (the "Menard Policy"), tendered a settlement demand to Greenwich to resolve claims asserted by Navarro and the Counts arising from the accident. Greenwich declined coverage and brought this declaratory judgment action seeking a determination of the coverage issues. The Counts and Navarro argue that this action should be dismissed or stayed, claiming it is not ripe for adjudication and parallel to the state court actions that they have filed. (*See* ECF 22; ECF 24; ECF 26; ECF 27.) But, as explained below, this case involves a concrete coverage dispute between the parties and there is no parallel proceeding or other reason to abstain from hearing this declaratory judgment action.

# STATEMENT OF FACTS

Navarro and Betty Counts have filed two separate actions in Crawford County, Missouri that assert various negligence claims against MM Trucking and Menard[1] and seek to hold them liable for the death of Navarro's husband and injuries suffered by the Counts in the automobile accident that occurred on April 17, 2020 (the "Navarro Action" and the "Counts Action," respectively, and collectively, the "State Court Actions"). (ECF 22-1; ECF 26-1.) Greenwich is

---

[1] *Navarro v. MM Trucking LLC, et al.*, Case No. 20CF-CC00032 (Crawford Cnty., Mo. Cir. Ct.); *Counts v. MM Trucking, LLC, et al.*, Case No. 21CF-CC00014 (Crawford Cnty., Mo. Cir. Ct.). Navarro voluntarily dismissed Menard from the Navarro Action on January 21, 2021, but filed a First Amended Petition for Wrongful Death adding Menard back into the lawsuit on or about March 9, 2021. The Navarro Action also names Kramer as a defendant.

not a party to either of the State Court Actions and the State Court Actions do not involve any issues of insurance coverage for the accident.

MM Trucking and Kramer tendered to Greenwich a settlement demand to resolve the claims by Navarro and the Counts arguing that were covered as "insureds" under the Menard Policy.  (ECF 1 at ¶¶ 3, 34; ECF 7 at ¶¶ 3, 34; ECF 25 at ¶¶ 3, 34 .)  Greenwich refused the demand and declined coverage for MM Trucking and Kramer explaining that the accident was not covered under the Menard Policy because it did not involve a "covered auto" within the meaning of the Menard Policy and because MM Trucking and Kramer do not qualify as "insureds" under the Menard Policy.[2]  (ECF 1 at ¶ 5; ECF 7 at ¶ 5; ECF 25 at ¶ 5.)  Defendants disagree with Greenwich's position.  (ECF 1 at ¶¶ 5, 42-53, 56, 59; ECF 7 at ¶¶ 5, 42-53, 56, 59; ECF 25 at ¶¶ 5, 42-53, 56, 59.)  And MM Trucking and Kramer have threatened to enter into an agreement pursuant to Mo. Rev. Stat. § 537.065 and assign alleged rights of MM Trucking and Kramer to Navarro and/or the Counts under the Menard Policy as well as alleged causes of action for extra-contractual and tort damages against Greenwich.  Greenwich filed this action seeking a determination that MM Trucking and Kramer are not entitled to coverage under the Menard Policy (the "Coverage Action").

## ARGUMENT AND AUTHORITIES

**I.      This Coverage Action Presents a Controversy Ripe for Adjudication**

Generally, courts have found a live justiciable controversy exists where an insured makes a clear demand for payment from an insurer and the insurer disputes such demand. *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (finding coverage dispute between an insurer

---

[2] Greenwich also reserved the right to deny or limit coverage on additional grounds, including for any amounts that are not insurable under applicable law, including but not limited to any amounts attributable to intentional misconduct, punitive damages and/or amounts that would be restitutionary in nature.

2

and insured was a live justiciable controversy); *Aetna Cas. and Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (same); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242-43 (1937) (same).

None of the parties to this Coverage Action dispute that payment was demanded from Greenwich and that Greenwich declined such demand on the ground of lack of coverage. More specifically, MM Trucking and Kramer tendered to Greenwich a settlement demand to resolve the Navarro and Counts claims asserting they were covered "insureds" under the Menard Policy. (ECF 1 at ¶¶ 3, 34; ECF 7 at ¶¶ 3, 34; ECF 25 at ¶¶ 3, 34 .) In response, Greenwich refused the demand and declined coverage for MM Trucking and Kramer. (ECF 1 at ¶ 5; ECF 7 at ¶ 5; ECF 25 at ¶ 5.) Further, Defendants have confirmed they disagree with Greenwich's coverage determination. (ECF 1 at ¶¶ 5, 42-53, 56, 59; ECF 7 at ¶¶ 5, 42-53, 56, 59; ECF 25 at ¶¶ 5, 42-53, 56, 59.) Consequently, "[t]he lines are drawn, the parties are at odds, the dispute is real." *Capitol Indem. Corp.*, 978 F.2d at 438.

The Counts and Navarro argue that this action is premature because Greenwich has made no request to this Court for a determination on its duty to defend MM Trucking and Kramer.[3] They further claim that the State Court Actions must be resolved first, before the Coverage Action. The Counts and Navarro, however, present no support for their arguments. In any event, and according to the relevant jurisprudence, the lack of any dispute in this action regarding the duty to defend and the pendency of the separate underlying litigation are of no consequence. *Capitol Indem. Corp.*, 978 F.2d at 438 (finding controversy ripe for adjudication where insurer and its insured disputed coverage and coverage was contingent on the outcome of separate litigation); *see also Aetna Cas. and Sur. Co.*, 968 F.2d at 711 (finding live justiciable controversy existed between

---

[3] Indeed, Greenwich has no duty to defend under the Menard Policy. (ECF 1-1 at p. 165.)

3

insured and insurer even though facts remained unresolved in the underlying disputes); *Aetna Life Ins. Co. of Hartford, Conn*, 300 U.S. at 242-43 (declaratory judgment action seeking determination of coverage was justiciable; rejecting the contention that it would be premature because it turns on questions of fact). There is a concrete dispute between the parties here regarding potential coverage for MM Trucking and Kramer under the Menard Policy so there exists a controversy ripe for adjudication regardless of the pendency of the State Court Actions. Moreover, as explained below, Greenwich is entitled to have its Coverage Action heard now.

**II.     There is No Parallel Proceeding that Would Justify Dismissal or Delay of the Coverage Action**

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Nautilus Ins. Co. v. World Wrecking & Scrap Salvage Servs., Inc.*, No. 4:20CV264 HEA, 2021 WL 1123027, at *7 (E.D. Mo. Mar. 24, 2021) (citing U.S.C. §§ 2201-2202). A federal district court "[g]enerally . . . must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so.'" *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). However, a district court has discretion to determine whether to entertain a declaratory judgment action if a parallel state court action is pending. *Wilton v. Seven Fall Co.*, 515 U.S. 277, 289-90 (1995). "The determination of whether suits are parallel, therefore, is a threshold determination for identifying the extent of a district court's discretion to grant a stay." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013).

"Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co.*, 426 F.3d at 997 (internal citations omitted). The state court proceeding "must present the same issues, not governed by federal law, between the same parties, and the federal court must evaluate whether the claims of all parties in interest can

4

satisfactorily be adjudicated in that proceeding [and] whether necessary parties have been joined." *Nissan N. Am., Inc. v. Wayzata Nissan, LLC*, 792 F.3d 921, 922 (8th Cir. 2015).  For example, in the headliner case cited by the Counts and Navarro, the insurer had filed a declaratory judgment action against its insureds and third party plaintiffs in federal court and the third party plaintiff, after receiving a judgment in their favor against the insureds, filed a Petition to Collect Insurance in state court against the insured and insurer.  *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 873-74 (8th Cir. 2000).   The court determined that the state and federal actions, which involved the same parties, the same issue—whether the insurer's policies covered the third party plaintiffs' claims, the same insurance policies, and the same arguments, were parallel proceedings.  *Id.* at 875.  Similarly, in *Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623 (8th Cir. 2008), the court determined that state and federal actions that involved identical parties and requested an interpretation of the same insurance policy were parallel proceedings and as such, the state proceeding was "adequate to resolve the issues" of state law presented by the parties.  *Id.* at 624-25; *see also Nissan N. Am., Inc.*, 792 F.3d at 922-23 (dismissing federal action where parallel state court proceeding involved the same parties and requested interpretation of the same dealer agreement).

      The Counts and Navarro claim that the State Court Actions are parallel to the Coverage Action.  But unlike the parallel proceedings in *Capitol Indem. Corp.*, *Cincinnati Indem. Co.*, and *Nissan N. Am., Inc.* that involved identical parties and issues, the parties involved in the Coverage Action are not all parties to the State Court Actions.  Indeed, Greenwich is not a party in the State Court Actions.  The State Court Actions also do not involve any coverage issues.  Instead, they focus solely on the potential liability of MM Trucking, Menard, and Kramer.  (*See* ECF 22-1; ECF 26-1.)  As such, resolution of Navarro and the Counts's tort claims against MM Trucking and

5

Kramer would demand no interpretation of the Menard Policy nor clarify for Greenwich the lack of coverage owed to MM Trucking and Kramer in the State Court Actions.  Consequently, the State Court Actions would not in any way resolve the issues surrounding the scope of coverage under the Menard Policy.

Courts in this Circuit have regularly determined that declaratory judgment actions brought by insurers are not parallel proceedings to underlying tort actions brought against their alleged insureds where the insurers are not a party to the state court actions and the coverage issues presented in the declaratory judgment actions are not pending in the state court actions.  *Nautilus Ins. Co.*, 2021 WL 1123027 at *7 ("Given the fundamentally distinct parties and distinct issues raised in the lawsuits, they are not parallel proceedings."); *Lexington Ins. Co.*, 721 F.3d at 970 ("Resolution of Fidelity's tort and contract claims against Integrity would demand no interpretation of the E&O policy nor clarify for Lexington whether it owed a defense to Integrity in Fidelity's two lawsuits[.]").  Greenwich is not a party to the State Court Actions and the coverage issues presented in this Coverage Action are not pending in the State Court Actions.  Consequently, neither of the State Court Actions is a parallel proceeding to the Coverage Action.

The Counts and Navarro, apparently recognizing that the requisite parallels do not exist between the State Court Actions and the Coverage Action, suggest that Greenwich create a parallel proceeding by intervening in the State Court Actions.  As a starting point, Greenwich is under no obligation to create such a parallel proceeding and has appropriately chosen this forum for the determination of the lack of coverage under the Menard Policy.  Further, intervention in the state court case is not an option, for among other reasons that it has not officially been provided notice of a Section 537.065 agreement.[4]  Moreover, it is "settled principle" under Missouri law "that an

---

[4] Mo. Rev. Stat. § 537.065.2 provides that "Before a judgment may be entered against any tort-feasor has entered into a contract under this section, the insurer or insurers shall be provided with written notice of the execution of the

insurer's interest in an action between its insured and an injured third party is not sufficient to support intervention as a matter of right pursuant to Rule 52.12(a)(2)." *See Britt v. Otto*, 577 S.W.3d 133, 142-45 (Mo. Ct. App. W.D. 2019) (insurer did not have right to intervene as a matter of right or permissively in action to confirm arbitration between insured and claimant arising out of a motor vehicle collision); *Aguilar v. GEICO Cas. Co.*, 588 S.W.3d 195, 198-200 (Mo. Ct. App. W.D. 2019), reh'g and/or transfer denied, (Oct. 1, 2019) and transfer denied, (Dec. 24, 2019). Consequently, intervention is not even a feasible option for Greenwich. But even if it was, there is no requirement that Greenwich insert itself in the State Court Actions.

Because there is no parallel proceeding that involves the same parties and the same issues as this Coverage Action, Greenwich is entitled to pursue this Coverage Action to resolve the coverage issues.

### III.   The *Scottsdale* Factors Also Do Not Favor Abstention or a Stay

The district court's discretion with respect to declaratory judgment actions is limited when no parallel proceedings are pending in state court. *Nautilus Ins. Co.*, 2021 WL 1123027 at *8 (citing *Scottsdale*, 426 F.3d at 999) (finding neither abstention nor a stay were warranted). District courts in this Circuit employ a six-factor test to determine whether to exercise jurisdiction over a declaratory judgment action where no parallel state court proceeding is pending. *Id.* The factors include:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in

---

contract and shall have thirty days after receipt of such notice to intervene as a matter of right in any pending lawsuit involving the claim for damages." Greenwich reserves its right to argue that the defendants have no right to enter into a Section 537.065 contract.

7

>which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* Just like in *Nautilus*, all six factors in this case favor the Court hearing Greenwich's Coverage Action.

The first and second factors—**whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue and whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding**—weigh in favor of Greenwich as the controversy giving rise to this declaratory judgment action is whether Greenwich has no obligation to indemnify MM Trucking and Kramer for the claims made by Navarro and the Counts. This Coverage Action will settle the legal relationship and determine the rights and obligations between Greenwich and Defendants, thus terminating the coverage controversy.

The third factor—**the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts**—also weighs in Greenwich's favor as federal courts regularly adjudicate issues of state law, particularly state contract law. *Nautilus Ins. Co.*, 2021 WL 1123027 at *8. In addition, this declaratory judgment action presents no issues of state law, i.e. interpretation of the policy contracts, that are also pending before a state court. Moreover, Missouri has no special interest in resolving the contract dispute that is before this Court.

Additionally, the fourth factor—**whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending**—weighs in favor of Greenwich. As the Eighth Circuit has held, "in the absence of a pending parallel state court

8

proceeding, judicial economy would be best served by deciding this [insurance coverage] action initially in the federal district court." *Id.* (citing *Scottsdale*, 426 F.3d at 999). Again, Greenwich is not a party to the State Court Actions and the State Court Actions do not involve any coverage issues, so the coverage issues cannot be decided more efficiently in state court. Judicial economy would be best served by deciding the Coverage Action in this Court.

With respect to the fifth factor—**whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law**, that too weighs in favor of Greenwich as there are few, if any, overlapping issues of fact between the State Court Actions and the Coverage Action and little, if any, risk of unnecessary entanglement between the state and federal court systems.

The Counts and Navarro argue that because they seek to hold Menards vicariously liable for MM Trucking and Kramer's actions in the underlying case, a determination on that issue will "moot" or "eliminate the need for federal court proceedings." (ECF 24 at pp. 3-5; ECF 27.) But again, the State Court Actions do not involve any coverage issues or the Menard Policy. And any determination in the State Court Actions about any potential vicarious liability on the part of Menard for MM Trucking and Kramer's alleged negligence based on some alleged employment or agency relationship between the parties will not resolve the coverage issues raised in this Coverage Action.[5] Indeed, to resolve the coverage disputes, there will need to be a determination, based on the terms, conditions, exclusions, and limitations of the Menard Policy, on a variety of issues, including, but not limited to: (1) whether the tractor-trailer involved in the accident is a

---

[5] The Menard Policy does not provide coverage to MM Trucking and Kramer solely if Menard is determined to be vicariously liable for their alleged negligence in the State Court Actions. Any potential coverage for MM Trucking and Kramer must be determined according to the terms, conditions, exclusions, and limitations of the Menard Policy, which is not at issue in the State Court Actions.

9

"covered 'auto'" within the meaning of the Menard Policy; (2) whether MM Trucking or Kramer are "insureds" within the meaning of the Menard Policy; (3) who owned the tractor-trailer involved in the accident; (3) whether Menard "owned, hired or borrowed" the tractor-trailer within the meaning of the Menard Policy; (4) whether the tractor-trailer was being used with Menard's permission; and (5) whether MM Trucking or Kramer are "employees" within the meaning of the Menard Policy.  (ECF 1 at ¶¶ 35-40.)  Only if either MM Trucking or Kramer are deemed an "insured" under the Menard Policy will there need to be any determination about whether there is coverage for MM Trucking or Kramer as "[a]nyone liable for the conduct of [such] 'insured'".[6] (*See* ECF 1 at ¶ 39.)  While it is possible that facts developed in the State Court Actions regarding the ownership of the tractor-trailer involved in the accident and the relationship between the alleged tort-feasors could be relevant to the coverage issues, those issues would necessarily be limited to the scope of any obligations under the Menard Policy.  Moreover, there are no overlapping issues of law in the pending actions.  As such, there should be no unnecessary entanglement between the state and federal court systems.

Finally, with regard to the sixth and final factor—**whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable**, there is no procedural fencing.  As the court determined in *Nautilus*, this Coverage Action cannot be "a race for res judicata" because Greenwich is not a party to the State Court Actions and the issues of contract interpretation that are to be decided in this action have no bearing on the tort claims at issue in the State Court Actions.  This case is also not

---

[6] No party argues that MM Trucking or Kramer should be vicariously liable for any action taken by Menard.  Further, this coverage action does not seek any determination as to potential coverage for Menard.  However, Greenwich reserves its right to contest any potential coverage for Menard under the Menard Policy.

10

an attempt "to achieve a federal hearing in a case otherwise not removable." This action was properly filed in this Court subject to diversity jurisdiction.

All six factors weigh in favor of hearing this declaratory judgment. Accordingly, neither abstention nor a stay in this action is warranted.

## CONCLUSION

The Counts's and Navarro's Motions should be denied and Greenwich should be allowed to proceed in this Coverage Action to resolve the concrete coverage disputes that exist between the parties.

Dated: April 23, 2021                                    Respectfully Submitted,

                                                         DENTONS US LLP

                                                         By: */s/ Samantha Wenger*
                                                         Roger K. Heidenreich MO Bar No. 40898
                                                         One Metropolitan Square
                                                         211 N. Broadway, Suite 3000
                                                         St. Louis, Missouri 63102
                                                         Telephone: 314-241-1800
                                                         Facsimile: 314-259-5959
                                                         Roger.Heidenreich@dentons.com

                                                         Samantha J. Wenger   MO Bar No. 64230
                                                         *Admission Pending*
                                                         4520  Main Street, Suite 1100
                                                         Kansas City, Missouri 64111
                                                         Telephone: 816.460.2400
                                                         Facsimile: 816.531.7545
                                                         Samantha.Wenger@dentons.com

                                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2021, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon Counsel of Record.

*/s/ Samantha Wenger*
Samantha Wenger
