UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4: 21 CV 202 DDN |
| ) | |
| MATT MURRAY TRUCKING, ) | |
| JAMES KRAMER, ) | |
| EVALIA NAVARRO, ) | |
| BETTY COUNTS, ) | |
| C.C. 1, and ) | |
| C.C. 2, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the Court on the motions: (a) of defendant Betty Counts and her minor children, defendants C.C.1 and C.C.2 ("Counts defendants") (1) to dismiss this action for failure to state a claim (Doc. 22) or, in the alternative, (2) to join Menard, Inc., as a party (Doc. 35); and (b) of defendant Evalia Navarro (1) also to dismiss for failure to state a claim (Doc. 26) or, in the alternative, (2) also to join Menard, Inc. as a party (Doc. 37).

## BACKGROUND

Underlying this action is a 3-vehicle collision that occurred on April 17, 2020, involving a tractor-trailer driven by defendant James Kramer, who was then employed by MM Trucking while hauling cargo for Menard, Inc. ("Menard"); a vehicle driven by Sergio Navarro (who died in the collision and is survived by defendant Evalia Navarro); and the Counts defendants' vehicle.

On March 3, 2021, Counts and her children filed suit for damages related to the collision in the Circuit Court of Crawford County, Missouri, alleging an agency relationship between MM Trucking and Menard.[1] (*Id.*) Mr. Navarro was killed by the impact with the tractor-trailer; his

---

[1] *Counts v. MM Trucking, et al.*, Crawford County No. 21CF-CC00014. See https://www.courts.mo.gov/casenet/cases/searchDockets.do

death is the basis of a judicial action commenced on May 26, 2020, by Navarro's estate also in the Circuit Court of Crawford County.[2] (Doc. 26, Ex. 1.)

Plaintiff Greenwich Insurance Company ("Greenwich"), who is not a party to the state court actions, insured Menard, Inc., under a Commercial Automobile Policy ("Menard Policy"), at the time of the collision. There is a dispute as to whether the Menard Policy's coverage extends to MM Trucking. (Doc. 1 at 2; Doc. 28 at 5.) MM Trucking and its driver Kramer, claiming to be insureds under the Menard Policy, tendered a settlement demand to Greenwich to resolve claims asserted by Navarro and the Counts defendants, although the state court actions do not yet involve any issues of insurance coverage for the collision. (*Id*.) On February 1, 2021, Greenwich declined coverage and on February 18, 2021, it commenced this declaratory judgment action seeking a declaration that it has no duty to indemnify MM Trucking or its driver in the Crawford County actions because they are not "insureds" under the Menard Policy and the collision did not arise out of the use of a "covered auto." (Doc. 1 at 9.)

## DISCUSSION

### Motions to Dismiss

Defendants Counts and Navarro move to dismiss plaintiff Greenwich's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under which relief can be granted. They argue there is no actual dispute that is ripe for adjudication under the complaint. (Docs. 22 at 2; 26 at 2.) Specifically, they argue that without a demand for defense, and in the absence of an unsatisfied judgment, there is no dispute for this Court to resolve. (*Id*.) Defendants further argue that, in the interest of judicial economy this Court should not consider plaintiff's action while the related "parallel" state court actions are pending and are capable of addressing all disputes. (*Id*. at 4.) Conversely, plaintiff Greenwich argues that the controversy is ripe for adjudication, further arguing that the state and federal proceedings are not parallel.

Under Rule 12(b)(6) a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a Rule 12(b)(6) motion a complaint "must include enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this plausibility

---

[2] *Evelia Navarro v. Menard, Inc.*, Crawford County No. 20CF-CC00032). *See* https://www.courts.mo.gov/casenet/cases/searchDockets.do

standard, the complaint must contain "more than labels and conclusions." *Id.* at 555.  Such a complaint will allow the court to reasonably infer that the claimant is entitled to the relief sought against the defendant, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation.  *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of Greenwich's factual allegations as true and draw all inferences in its favor, but the Court is not required to accept the legal conclusions plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).  The Court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised [and] it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

A. Ripeness

First, defendants argue the dispute is not ripe for adjudication and will become ripe only if Menard is found vicariously liable in the state court action.  If one or more of the plaintiffs in the Crawford County circuit court cases obtains a judgment against Menard for the damages suffered in the collision, the successful plaintiffs will have an opportunity to bring an equitable garnishment action against Greenwich for proceeds under the Menard Policy.  *See* Mo. Rev. Stat. § 379.200.  In such a proceeding, Greenwich will have an opportunity to defend itself against indemnification under the Menard Policy.

In *Capitol Indemnity Corp. v. Miles*, 978 F.2d 437 (8th Cir. 1992), the Eighth Circuit addressed a similar issue and determined that the case was ripe for adjudication.  In it, Capitol Indemnity's liability policy insured, Miles, sprayed insulation on a building and in the process damaged cars parked nearby.  The car owners settled their claims with the building owner for $50,000.  The building owner then sued Miles for contribution.  Miles then demanded indemnification from Capitol Indemnity.  Capitol Indemnity sued Miles in federal district court for a declaratory judgment that it was not liable on its policy issued to him.  Miles argued that Capitol Indemnity's claim was not ripe because the building owner's suit against Miles was not yet decided.  The federal district court agreed with Miles and dismissed the case.  On appeal the Eighth Circuit disagreed and reversed, stating in part:

> Miles has made a demand on appellant and appellant has contended that there are no circumstances under which it can owe Miles any money. The lines are drawn, the parties are at odds, the dispute is real. Appellant is in no different position, in any relevant respect, from that occupied by insurers who deny that coverage exists under their policy for liabilities of their insureds that are contingent or unadjudicated. In those kinds of situations, it is most common for the insurer to bring an action for a declaratory judgment that it will have no duty to indemnify. *See* 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 2d § 2757 at 585-86 (1983); *see also id.* § 2758 at 624-26 and *id.* § 2760 at 662, 665.

978 F.2d at 438; *see also Aetna Cas. and Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (finding that a coverage dispute between an insurer and insured was a live justiciable controversy sufficient to invoke the jurisdiction of the district court); *and see Aetna Life Ins. Co. of Hartford, Conn. v. Hawthorn*, 300 U.S. 227, 242-43 (1937).

In its declaratory judgment complaint, Greenwich alleges the following facts:

3. On December 17, 2020, MM Trucking and Kramer's counsel issued correspondence to Greenwich claiming that they "believe" the Menard Policy covers them for the Navarro Lawsuit and tendering a settlement demand from Navarro.

4. On January 26, 2020, MM Trucking and Kramer's counsel clarified that the settlement demand also covered the bodily injury claims by the Counts.

5. On or about February 1, 2021, Greenwich issued correspondence to MM Trucking and Kramer explaining that the accident was not covered under the Menard Policy because it did not involve a "covered auto" within the meaning of the Menard Policy and because MM Trucking and Kramer do not qualify as "insureds" under the Menard Policy. Greenwich also reserved the right to deny or limit coverage on additional grounds, including for any amounts that are not insurable under applicable law, including but not limited to any amounts attributable to intentional misconduct, punitive damages and/or amounts that would be restitutionary in nature.

6. Upon information and belief, MM Trucking and [Driver] Kramer have threatened to enter into an agreement pursuant to Mo. Rev. Stat. § 537.065 and assign alleged rights of MM Trucking and Kramer to Navarro and/or Counts under the Menard Policy as well as alleged causes of action for extra-contractual and tort damages against Greenwich.

7. An actual controversy exists between Greenwich and Defendants regarding Greenwich's obligations, if any, to indemnify Defendants under the Menard Policy with regard to any claims arising out of the April 17, 2020 accident, including the Navarro Lawsuit and the Counts's bodily injury claims.

(Doc. 1 at 2-3.)

Greenwich currently has a live dispute, not with its direct insured, but with third-parties that claim coverage under the Menard Policy. Considering the well-pleaded facts and related inferences, as in *Capital Indem. Corp. v. Miles.*, here the lines are drawn, and the controversy is ripe.

B. Parallel Cases

Next, defendants argue that the Court should not hear plaintiff's claim while a "parallel" state court matter is pending between the parties and capable of addressing all disputes. Plaintiff argues the state and federal actions are not parallel.

A district court may dismiss or stay a declaratory judgment action when it determines that the question in controversy would be better handled in state court. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). "The determination of whether suits are parallel, therefore, is a threshold determination for identifying the extent of a district court's discretion to grant a stay." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013). "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). The state court proceeding "must present the same issues, not governed by federal law, between the same parties, and the federal court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding [and] whether necessary parties have been joined." *Nissan North Am., Inc. v. Wayzata Nissan, LLC*, 792 F.3d 921, 922 (8th Cir. 2015).

For example, in *Capital Indem. Corp. v. Haverfield*, 218 F.3d 872 (8th Cir. 2000), the insurer filed a declaratory judgment action against its insureds and third-party plaintiffs in federal court and the third-party plaintiffs, *after* receiving a judgment in their favor against the insureds, filed a petition to collect insurance proceeds in state court against the insured and insurer. 218 F.3d at 873-74. That court determined that the state and federal actions, which involved the same parties, the same issue, the same insurance policies, and the same arguments were parallel proceedings. *Id.* at 875. Similarly, in *Cincinnati Indem. Co. v. A & K Constr. Co.*, the Eighth Circuit determined that state and federal actions that involved identical parties and requested an interpretation of the same insurance policy were parallel proceedings, and as such, the state

proceeding was "adequate to resolve the issues" of state law presented by the parties. 542 F.3d 623, 624-25 (8th Cir. 2008); *see also Nissan N. Am., Inc.* 792 F.3d at 922-23 (dismissing federal action where parallel state court proceeding involved the same parties and requested interpretation of the same dealer agreement.)  In *Nissan North America, Inc*. the parties' dispute in the federal and state court actions addressed the same issue, namely whether the establishment of the Nissan dealership violated the Nissan Dealer Agreement and infringed on Wayzata's relevant market area. 792 F.3d at 922-23.  Because the issues and parties in both courts were identical, the Eighth Circuit determined the controversy was better decided in state court. *Id*.

The state court cases underlying this case do not yet include Greenwich as a party and they do not yet include the Menard Policy coverage issues Greenwich alleges here.[3]  However, if the Missouri circuit court determines in those cases that those defendants are liable to those plaintiffs, from the record before this Court now, it is a *virtual certainty* that Greenwich and the scope of the Menard Policy coverage will play important roles in subsequent proceedings in the state cases, because, as has been already demonstrated in this federal case, a successful claimant in those cases will likely seek to collect on the Menard Policy by garnishment under Mo. S. Ct. R. 90 or under Rev. Stat. Mo. § 379.200. *See Allen v. Bryers*, 512 S.W.3d 17, 30 (Mo. banc 2016).  Further, an insurer, such as Greenwich, has a statutory right to intervene in a Missouri state court case following the entry into a § 537.065 agreement by the tort-feasor. *See*  Rev. Stat. Mo. § 537.065.2 (eff. July 1, 2020); *see also State ex rel. Country Mut. Ins. Co. v. May*, 620 S.W.3d 96, 99-100 (Mo. banc 2021); *Knight v. Knight*, 609 S.W.3d 813, 820 (Mo. Ct. App. W. D. 2020).

The Court believes that this federal case is sufficiently, if potentially, parallel to the state court cases to qualify for consideration of whether it should exercise its jurisdiction and decide the ripe dispute it presents or abstain in favor of the state court proceedings.

The Declaratory Judgment Act gives this Court the discretion to decide whether to decide the presented dispute; it does not give the claimant the absolute right to have the dispute decided.

---

[3] Greenwich argues that the Menard Policy does not provide coverage to MM Trucking or its driver solely, even if Menard is determined to be vicariously liable for alleged negligence in the state court actions.  It states that the issues to be resolved by this federal court include: (1) whether the MM Trucking tractor trailer is a covered vehicle within the meaning of the Policy, (2) whether MM Trucking or its driver are "insureds" within the meaning of the Policy, (3) whether Menard "owned, hired, or borrowed" the tractor-trailer within the meaning of the Policy, (4) whether the Tractor Trailer was being used with Menard's permission, and (5) whether MM Trucking or Driver are "employees" within the meaning of the Policy. (Doc. 28 at 10.)

*See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . .") (italics added); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995). The Eighth Circuit has stated that the federal district court's "key consideration" in the exercise of its discretion is to decide whether the presented dispute "can be better settled by the state court" in the light of the pending state court proceedings. *Haverfield*, 218 F.3d at 874. In *Evanston Ins. Co. v. Johns,* 530 F.3d 710 (8th Cir. 2008), the Court of Appeals instructed:

> If the pending state court proceeding would better settle the issues, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties' " *Id.* at 874–75 (quoting *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173). In *Haverfield,* our court determined the district court abused its discretion when it denied the defendant's motion to dismiss or to stay the federal action because "the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was unnecessarily duplicative and uneconomical." *Id.* at 875. In *Haverfield,* the state and federal court actions both "involved the same parties, the same issue, the same insurance policies, and the same arguments." *Id.* In addition, a split existed in the Missouri intermediate appellate courts over whether the exclusion at issue applied, and our court noted this disagreement was an important factor weighing in favor of abstention because this split would put the federal district court "in the difficult position of predicting how the Missouri Supreme Court would resolve the conflict." *Id.*

530 F.3d at 713. In *Evanston,* the Court of Appeals affirmed the district court's not dismissing or abstaining from the case, because when the federal case was filed no state court case had been filed, there was no split in the state courts over the cardinal issue, all the relevant parties were before the district court judge, and there was no immediate challenge to the federal court jurisdiction. *Id.*

Regarding the case at bar, the state court proceedings are better situated to settle the complex state factual and legal issues. When deciding whether to issue the declaration sought by plaintiff in this declaratory judgment case, this Court will need to know whether the Menard Policy's express, direct insured (Menard) is covered by the policy for the alleged negligence of the state court defendants, whether the state court defendants are liable to the state court plaintiffs, what the relationship is between Menard and the state court defendants, and the extent of the state court plaintiffs' damages. "Permitting this federal action to proceed would be 'unnecessarily

duplicative and uneconomical." *Capitol Indemnity Corp. v. Schaefer Group, Inc.*, 2010 WL 2520607 at *5 (E.D.Mo. June 15, 2010).

The Court has considered the six-factor test of *Scottsdale Ins. Co. v. Detco Inds., Inc.*, 426 F.3d 994 (8th Cir. 2005), which is to be applied when there is no parallel state court proceeding. The factors include:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 998 (internal quotation marks and brackets omitted) (cleaned up).

Factors One through Five weigh against maintaining this declaratory action. Regarding the first and second factors, the controversy underlying this federal proceeding is whether plaintiff must indemnify MM Trucking and its driver for claims made by defendants Navarro and Counts in the state court actions. This declaratory judgment action not will settle the legal relationship between plaintiff and defendants without the involvement of the insured Menard. In *Scottsdale,* the plaintiff insurer sued its insured for the declaratory judgment. Such is not the case here.

The third factor also weighs against maintaining this action. While federal courts regularly adjudicate issues of state law, particularly state contract law, many issues of Missouri law are involved in this case, including policy coverage for the allegedly negligent action of an assertedly non-Greenwich-insured entity, *i.e.,* the defendants in this federal case who are also the defendants in the state court cases. While the claims now before the state court presents no issues regarding the construction of the Menard policy, that will quickly change if the state court plaintiffs are successful on the issue of liability.

As to the fourth factor, the resolution of the coverage issue raised in this declaratory action will be more efficiently decided by the state court. While Greenwich is not now a party to the state

court actions and those cases do not now involve Policy coverage issues, that will change if those plaintiffs prevail.

The fifth factor also weighs against maintaining this action. As this case progresses, especially if the Court were to grant defendants' motions to add Menard as a defendant, the number of issues overlapping both courts will increase and so will the prospect of this federal action becoming entangled with the state court cases.

Finally, regarding the sixth factor, the Court finds no procedural fencing.

After weighing the *Scottsdale* factors, the Court concludes that dismissal of this case is warranted.

For these reasons,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss these proceedings are **sustained.  (Docs. 22 and 26.)**  This action is dismissed without prejudice.  All other pending motions are denied as moot.  An appropriate Judgment Order is issued herewith.

        /s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 21, 2021.